**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| **LOUIS ORLANDO HARMON, #543208,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 3:15-cv-0740 |
| ) | |
| **WALTER C. KURTZ,** ) | Judge Trauger |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OPINION**

Louis Orlando Harmon, an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee, has filed a *pro se* complaint against defendant Walter C. Kurtz. (ECF No. 1.) The complaint is before the court for an initial review in accordance with the Prison Litigation Reform Act ("PLRA").

**I.   Standard of Review**

Under the PLRA, the court is required to dismiss any *in forma pauperis* or prisoner complaint brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A. The court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**II.   Factual Allegations**

The only defendant named in the complaint is Walter C. Kurtz, the judge who presided by special designation over the plaintiff's underlying criminal trial in Williamson County. The plaintiff alleges only that the defendant "had authority regarding case no. II-CR086652" and that he "allowed Mr. Harmon to be falsely accused of committing a theft" at Academy Sports stores across four different states. (ECF No. 1, at 2.) The plaintiff acknowledges that the defendant "may not have meant to harm Mr. Harmon," but he nonetheless "holds the Defendant responsible." (*Id.*) The plaintiff demands damages for "loss of quality of life" and "feel[ing] abandoned by the United States of America" in the amount of $150,000. (*Id.*)

2

**III.    Discussion**

Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases that are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). The plaintiff here does not identify the basis for the court's jurisdiction, but the court presumes he intends to sue Judge Kurtz under 42 U.S.C. § 1983 for violation of the plaintiff's constitutional rights.

Regardless of the jurisdictional basis for the plaintiff's claims, they are subject to dismissal because the judge is absolutely immune from suit for damages. *See Mireles v. Waco*, 502 U.S. 9, 10–11, (1991) (reconfirming that a judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting maliciously, erroneously, corruptly or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir.1996) (citing *Mireles*, 502 U.S. at 9). This immunity applies to actions brought under 42 U.S.C. § 1983 to recover for the alleged deprivation of civil rights. *Pierson v. Ray*, 386 U.S. 547, 554–55 (1967).

Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11. Second, a judge is not immune for actions that , though judicial in nature, are taken in complete absence of all jurisdiction. *Id.* at 12. The instant complaint fails to implicate either of the exceptions to judicial immunity. Accordingly, defendant Judge Kurtz is absolutely immune from suit and the complaint against him must be dismissed on that basis.

**IV.    Conclusion**

The complaint is subject to dismissal on the grounds that the defendant is entitled to absolute judicial immunity from suit. An appropriate order is filed herewith.

Aleta A. Trauger
United States District Judge